**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
Honorable Howard R. Tallman**

| | |
|---|---|
| **In re:** ) | |
| ) | |
| **HERBERT EDWARD HUTCHINS and** ) | |
| **DEBORAH BETH MACKALL,** ) | |
| ) | |
| **Debtors.** ) | |
| ) | **Case No. 16-10262 HRT** |
| ) | **Chapter 13** |
| **JPMORGAN CHASE BANK, N.A.,** ) | |
| ) | |
| **Movant,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **HERBERT EDWARD HUTCHINS and** ) | |
| **DEBORAH BETH MACKALL,** ) | |
| ) | |
| **Respondents.** ) | |

## ORDER GRANTING RELIEF FROM AUTOMATIC STAY

This case comes before the Court on the *Motion of JPMorgan Chase Bank, National Association for in Rem Relief from Stay Pursuant to 11 U.S.C. § 362(d)(1) and (4) as it Relates to the Property Located at 3611 South Newport Way, Denver, Co 80237* (docket #34) (the "Motion").

On June 8, 2016, the Court held a hearing that combined a preliminary hearing on Chase's Motion as well as an evidentiary hearing on confirmation of the Debtors' chapter 13 plan.

The Movant, JPMorgan Chase Bank, N.A., ("Chase") seeks relief from stay under 11 U.S.C. § 362(d)(1) for cause and it seeks *in rem* relief under § 362(d)(4). The history of the Debtors' mortgage obligation to Chase has been recited in prior orders of this Court (Case No. 12-24579-HRT, docket #58) ("Claim Order") and will not be repeated here.

The Court entered its Claim Order in the prior case and it establishes the validity and enforceability of the Debtor's mortgage debt to Chase. The Debtors' defense to the Motion is predicated on their newly asserted position that, in 2010, Chase accepted an amount of money in full settlement of the Debtors' obligation and the underlying mortgage note has been paid in full.

The Debtors' make this claim without having entered into any type of settlement agreement with Chase and without tendering anything to Chase in excess of the amount of a

ORDER GRANTING RELIEF FROM AUTOMATIC STAY
Case No. 16-10262 HRT

normal mortgage payment some 20 days prior to the date they claim that Chase accepted a settlement payment from an unknown source to satisfy their loan.  Moreover, through the agency of this unidentified third party, the Debtors take the position that they have been fully absolved of all responsibility and that they are entitled to have Chase's deed of trust released.  The Debtors' evidence consists of an entry on a mortgage payment history, apparently prepared by Chase.  Chase's witness, however, explained that the entry the Debtors claim shows Chase's acceptance of a settlement of the debt actually represents an internal account entry that occurs when a debt goes twelve months delinquent.

   The Debtors' fanciful claim that an unknown party paid $242,091.69 to Chase to settle their mortgage obligation for them is implausible on its face and wholly unsupported by evidence.  Chase's witness explained the actual nature of the entry the Debtors rely on.  Not only is the Debtors' contention unsupported by evidence, it is inconsistent with any commercial reality and the Court rejects it.

   The Debtors assert no other defense to Chase's Motion.  Prior proceedings in this Court have established that Chase is holder of a note dated October 4, 2002, secured by a deed of trust executed on the same date.  The Debtors' home serves as collateral for the note.

   Chase's offer of proof established that 5 payments have come due since the petition date and that the Debtors have made no post-petition payments.  Nor have the Debtors denied that they made no post-petition payments because their position is they owe nothing.  Thus, the Court finds that Chase's offer of proof has established that cause exists for granting relief from stay for cause under § 362(d)(1).

   The Debtors claim that Colorado's six year statute of limitations is applicable.  To the extent that the Debtors, in good faith, believe that Chase's foreclosure is time barred, it would seem that they have had ample opportunity to assert that defense in various state court proceedings.  Moreover, this Order lifting the automatic stay does no more that remove the stay as to Chase's foreclosure action; it does not deprive the Debtors of any valid defenses they may have and which may be asserted in the state courts.

   On the merits of the Debtors' statute of limitations claim, the Court notes that under COLO. REV. STAT. § 13-80-103.5, the limitations period within which to commence "all actions for the enforcement of rights set forth in any instrument securing the payment of or evidencing any debt . . .." is six years.  "A cause of action for debt, obligation, money owed, or performance shall be considered to accrue on the date such debt, obligation, money owed, or performance becomes due."  COLO. REV. STAT. § 13-80-108(4).  By its terms, Chase's note comes due on October 4, 2032.  Because Chase's note has not yet become due, the Court doubts the validity of any statute of limitation defense based upon § 13-80-103.5.

ORDER GRANTING RELIEF FROM AUTOMATIC STAY
Case No. 16-10262 HRT

> Under 11 U.S.C. § 362(d)(4),
>
> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay–
> . . .
> (4) with respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved either–
>> (A) transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor or court approval; or
>> (B) multiple bankruptcy filings affecting such real property.
>
> If recorded in compliance with applicable State laws governing notices of interests or liens in real property, an order entered under paragraph (4) shall be binding in any other case under this title purporting to affect such real property filed not later than 2 years after the date of the entry of such order by the court, except that a debtor in a subsequent case under this title may move for relief from such order based upon changed circumstances or for good cause shown, after notice and a hearing. Any Federal, State, or local governmental unit that accepts notices of interests or liens in real property shall accept any certified copy of an order described in this subsection for indexing and recording.

11 U.S.C. § 362(d)(4).

Chase alleges that the Debtors have engaged in a "scheme to delay, hinder, or defraud" it in the exercise of its rights involving multiple bankruptcy filings. The Debtors have filed four bankruptcy cases:

1. Debtors filed Case No. 08-22244-HRT on August 14, 2008. This was a routine chapter 7 case where the trustee made a determination that there were no non-exempt assets available for distribution and the Court entered the Debtors' discharge on December 19, 2008.

2. Four years later, the Debtors filed Case No. 12-24579-HRT on July 11, 2012, under chapter 13. This filing appears to have occurred about two years after the Debtors last made a payment to Chase with respect to their mortgage debt. At the commencement of their case, the Debtors proposed a plan to pay the accumulated mortgage arrears owed to Chase and proposed resumption of monthly mortgage payments. Shortly thereafter, Debtors dismissed their counsel, filed a *pro se* adversary case against Chase and objected to Chase's claim. The Court dismissed the adversary case and rejected the Debtors' arguments in opposition to Chase's

ORDER GRANTING RELIEF FROM AUTOMATIC STAY
Case No. 16-10262 HRT

        claim. The case was ultimately dismissed after the Debtors failed to comply with the Court's order to propose an amended plan in compliance with the Court's prior orders.

3.     Debtors filed Case No. 15-22815-HRT on November 18, 2015, under chapter 13. This case was dismissed on December 2, 2015, for failure to obtain credit counseling.

4.     Finally, Debtors filed their current case on January 13, 2016. On April 19, 2016, the Debtors filed an amended plan which, contrary to past orders of this Court, wholly ignores the mortgage debt to Chase. Moreover, they do so based on an argument that is implausible on its face and which, the Court finds, was an argument advanced in bad faith.

The Court finds that the last three cases are part of the Debtors' scheme to delay, hinder or defraud Chase with respect to its efforts to foreclose its collateral.

The mere fact that a bankruptcy filing has the effect of hindering or delaying a scheduled foreclosure does not rise to the level of a "scheme" to hinder, delay or defraud as contemplated by § 362(d)(4). Many bankruptcy filings have precisely that effect and frequently that is the avowed intent of the debtor.

The use of the term "scheme" in § 362(d)(4) suggests something more than a purpose to exercise a legal right that has the effect of delaying a foreclosure. Black's Law Dictionary defines "scheme" as:

> 1. A systemic plan; a connected or orderly arrangement, esp. of related concepts <legislative scheme>.
> 2. An artful plot or plan, usu. to deceive others <a scheme to defraud creditors>.

Black's Law Dictionary (10th ed. 2014). It is the second definition that is most appropriate in the context of § 362(d)(4). To constitute a scheme as that term is used in § 362(d)(4) requires proof of a wrongful motive or intent as has been demonstrated in this case.

The Debtors here have had their day in court and, in fact, they have had many days in many courts. They have claimed that Chase is not the proper party in interest to enforce its note and deed of trust. This Court inspected the note and deed of trust in Chase's possession and it rejected the Debtors' claim. At the hearing in this matter, while constantly denying that they were attempting to make an end-run around the Court's Claim Order, they advanced arguments devoid of evidentiary support. For example they made "robo-signing" arguments based on news reports and on other court cases with no evidence of improper conduct in the instant case. The Court has already discussed the Debtors' stated theory that some unknown third party had settled

ORDER GRANTING RELIEF FROM AUTOMATIC STAY
Case No. 16-10262 HRT

their debt to Chase on their behalf. The Debtors' conduct in this matter has been characterized by bad faith assertions of those and similar arguments with no factual or legal support.

The Court is familiar with the issues in this case. The Debtors have advanced positions that are so lacking in legal or factual support they cannot be characterized as having been made in good faith. Thus the Court finds that "the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved . . . multiple bankruptcy filings affecting" the real property subject to Chase's lien. Accordingly, the provisions of 11 U.S.C. § 362(d)(4) are applicable to this case.

The Debtors recycled the very same arguments this Court rejected in its Claim Order in a subsequent state court action. *See Mackall v. JPMorgan Chase Bank, N.A.*, 356 P.3d 946 (Colo. Ct. App. 2014). When the state courts repudiated their arguments, they returned yet again to this Court with a new and frivolous claim for the same relief previously denied to them in this and the state courts. These activities provide further evidence the Debtors are engaged in a "scheme" to hinder, delay or defraud Chase. The delay suffered by Chase in this case is not simply the byproduct of the automatic stay routinely imposed on creditors in bankruptcy cases while good faith debtors reorganize their financial affairs. These Debtors are knowingly abusing the judicial system with the single purpose of preventing Chase from exercising its rights with respect to their home.

Finally, this Order will take effect immediately and the provisions of FED. R. BANKR. P. 4001(a)(3) shall not apply to stay this Order. The Court finds good cause exists to waive the stay under Rule 4001(a)(3) based on the Debtors' lack of good faith in opposing Chase's Motion. The Debtors' nonsensical contention that some unidentified party settled their mortgage debt on their behalf without their contemporaneous knowledge or participation is sufficient evidence of the Debtors' bad faith in this matter to merit waiver of the stay of this Order under Rule 4001(a)(3).

Therefore, it is

**ORDERED** that the *Motion of JPMorgan Chase Bank, National Association for in Rem Relief from Stay Pursuant to 11 U.S.C. § 362(d)(1) and (4) as it Relates to the Property Located at 3611 South Newport Way, Denver, Co 80237* (docket #34) is GRANTED. It is further

**ORDERED** that the Court hereby lifts the automatic stay as to Debtor's real property located at 3611 South Newport Way, Denver, Colorado, under 11 U.S.C. § 362(d)(1) for cause to permit Movant to exercise its rights with respect to the Debtor's real property. It is further

**ORDERED** that Movant's request for *in rem* relief under 11 U.S.C. § 362(d)(4) is GRANTED and if recorded in compliance with applicable State laws governing notices of interests or liens in real property, this Order shall be binding in any other case filed under the

ORDER GRANTING RELIEF FROM AUTOMATIC STAY
Case No. 16-10262 HRT

Bankruptcy Code purporting to affect 3611 South Newport Way, Denver, Colorado, filed not later than two years after the date of this Order, except as provided in § 362(d)(4), and any Federal, State, or local governmental unit that accepts notices of interests or liens in real property shall accept a certified copy of this Oder for indexing and recording. It is further

**ORDERED** that FED. R. BANKR. P. 4001(a)(3) shall not apply to this Order and it shall take effect immediately.

Dated this  23rd  day of June, 2016.

                                      **BY THE COURT:**

                                      Howard R. Tallman, Judge
                                      United States Bankruptcy Court